David **HOLMES**, Plaintiff,

v.

**R.M. FELL, as a nurse of Sing Sing Correctional Facility, and Ms. Prigitano, Administrative Nurse of Sing Sing Correctional Facility, Defendants.**

No. 92 Civ. 1296 (MBM).

United States District Court,
S.D. New York.

June 24, 1994.

David Holmes, pro se.

Robert Abrams, Atty. Gen. of the State of New York, Edward J. Curtis, Jr., Asst. Atty. Gen., New York City, for defendants.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff David Holmes brought this action pursuant to 42 U.S.C. § 1983. In an Opinion and Order dated October 26, 1992, familiarity with which is assumed, this court dismissed the complaint against defendants Thomas Coughlin and John Keane for failure to state a claim, but refused to dismiss the claim against defendant R.M. Fell. *Holmes v. Coughlin*, No. 92 Civ. 1296, 1992 WL 317563 (S.D.N.Y. Oct. 26, 1992). Thereafter plaintiff amended his complaint to add Fell's supervisor, Mary Prigitano, as a defendant. Fell and Prigitano now move for summary judgment in accordance with Fed.R.Civ.P. 56(c) For the reasons stated below, summary judgment is granted.

### I.

The following facts are undisputed. In December 1991, the medical staff at Sing Sing Correctional Facility was instructed to screen all prisoners for tuberculosis ("TB").

---

1. All references to the Complaint refer to the Amended Complaint filed December 7, 1992. Because plaintiff is pro se and has signed the complaint, statements of fact in his complaint

(Greifinger Aff., Ex. 2 at 3) Prison policy provided, however, that only those inmates without documented evidence of a past positive test result should be tested. Inmates with documented evidence were not to be retested. (Greifinger Aff., Ex. 1 at 1)

■ Defendant Fell, a nurse at the facility, administered the TB test to Holmes, an inmate, despite a document in his medical records showing that he had tested positive for TB in the past. (Fell Aff., Ex. 1–4) Although Fell does not deny administering the test, she has no recollection of this particular incident. (Fell Aff. ¶ 8) Shortly after the test was administered, Holmes began to experience nausea, weakness, and headaches. There was swelling in his arm at the site of the test. He was twice taken to the emergency room where he was treated with Tylenol, ice, and Keflex, an antibiotic. As a result of the test, plaintiff now has a scar on the inside of his arm. (Amended Complt. ¶ 15.)[1]

### II.

■ Summary judgment is appropriate if the evidence demonstrates that "there is no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The mere existence of disputed issues, however, is not sufficient to defeat a motion for summary judgment. *Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11–12 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

■ Only disputes over facts which might affect the outcome of the case will preclude entry of summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In addition, the disputed facts must be supported by evidence that would allow "a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In deter-

---

will be treated as though presented in an affidavit. *See Franco v. Kelly*, 854 F.2d 584, 587 (2d Cir.1988).

mining whether there is a genuine issue of material fact, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987); *Candelaria v. Coughlin*, 787 F.Supp. 368, 372 (S.D.N.Y. 1992).

### III.

■ Plaintiff alleges that despite her duty to do so, Nurse Fell did not properly review his medical records and, as a result, administered a test that should not have been given. In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court set out the standard to establish medical mistreatment in violation of the Eighth Amendment which is actionable under § 1983. The Court ruled that only "deliberate indifference to serious medical needs of prisoners constitutes the necessary and wanton infliction of pain" in violation of the Eighth Amendment. *Id.* at 105–06, 97 S.Ct. at 291–92. In an earlier Order in this action I elaborated on this test by stating plaintiff "must show both that any disregard for his well-being was intentional and not merely negligent, and that it affected medical needs that were serious." *Holmes v. Coughlin*, No. 92 Civ. 1296, 1992 WL 317563, at *3 (S.D.N.Y. Oct. 26, 1992). Plaintiff's claim fails to meet either prong of this test.

Plaintiff has failed to provide any evidence that Nurse Fell intentionally disregarded his medical history. In fact, Holmes admits he never actually told Nurse Fell of his prior positive result. (Holmes Aff. ¶ 3) He asserts merely that because there was some indication in his file of an earlier positive test result, he should not have been tested. Nonetheless, even if Nurse Fell failed to properly review plaintiff's medical records, there is no evidence that this failure resulted from anything more than a lack of due care. Negligence by medical personnel, however, does not generate a claim under the Eighth Amendment. *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *see also Tomarkin v. Ward*, 534 F.Supp. 1224, 1228–29 (S.D.N.Y.1982).

■ In addition, plaintiff fails to present a triable issue that he suffered a serious medical injury. Testing an individual for TB who had previously tested positive does not pose a significant risk of serious injury. According to Dr. Robert Greifinger, Chief Medical Officer of New York State Department of Correctional Services, the only adverse effect of a re-test, which occurs rarely, is excessive local reaction, such as redness, soreness, or an open lesion. (Greifinger ¶ 11) This reaction usually can be easily controlled with medication, as it was here.

Although the Supreme Court and the Second Circuit have not articulated a precise standard for what constitutes a serious medical condition, cases in this Circuit finding violations under § 1983 involved injuries that were far more severe than those suffered by plaintiff. In *Montalvo v. Koehler*, 1993 WL 330952 (S.D.N.Y. Aug. 24, 1993), for example, the Court considered a failure to provide shower and sleeping facilities to a paraplegic prisoner confined to a wheelchair as conduct affecting a serious medical condition. Similarly, in *Lancaster v. Lord*, 1991 WL 51123 (S.D.N.Y. Apr. 2, 1991), the Court ruled that neglecting a severe case of Hodgkins disease was a failure to treat a serious medical condition. The injuries allegedly sustained by plaintiff in this case more closely resemble those injuries which courts have found do not constitute a serious medical condition. In *Grant v. Coughlin*, 1992 WL 142037 (S.D.N.Y. June 9, 1992), the Court found that irritation of an inmate's throat and lungs due to second hand smoke was not a serious medical condition. Similarly, in a case analogous to the instant case, *Prietz v. Flamja*, 1987 WL 19429 (E.D.N.Y. Oct. 20, 1987), an inmate, who was bitten by a mouse, was denied medical treatment for eight days. Although the inmate later developed an infection and had to be treated with a tetanus shot, the Court found prison officials were not deliberately indifferent to the plaintiff's serious medical needs. Measured against the injuries in these cases, Holmes' injury does not rise to the level of a serious medical injury under § 1983.

### IV.

■ Plaintiff contends also that Ms. Prigitano, as Nurse Fell's superior, is responsi-

ble for the actions of her subordinates.[2] As an administrator, defendant Prigitano is liable on a § 1983 claim only for her personal role in the violation. *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). In addition, the Second Circuit has recognized three other bases for personal liability under § 1983. 1) The failure of a supervisor to remedy a wrong after learning of it through an appeal or complaint; 2) the creation of, or the acquiescence in a policy or custom allowing violations; 3) the grossly negligent management of subordinates who caused the wrong, all rise to the level for a claim under § 1983. *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986). There is, however, no evidence for any such charge against Prigitano nor is there any allegation of personal involvement by Prigitano. Moreover, even if plaintiff did present evidence of involvement by Prigitano, the absence of a § 1983 violation here means there is nothing for Prigitano to be liable for.

For the reasons stated above, the summary judgment motion of defendants Fell and Prigitano is granted, and the complaint is dismissed.

---

**2.** Plaintiff alleges also that Prigitano attempted to cover up for Fell. Plaintiff supports his allegations only by reference to "Exhibit–F", which does not exist in the record.